## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARCO ANTONIO CORTES-GOMEZ,

      Defendant.

Case No. 16-40091-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Marco Antonio Cortes-Gomez's Motion to Dismiss the Indictment (Doc. 16). The government responded (Doc. 18). For the reasons discussed below, the court denies defendant's Motion.

### I.     Legal Standard

A defendant's right to a speedy trial is both a statutory and a constitutional right. A defendant's constitutional right is found in the Sixth Amendment. U.S. Const. Amend. VI. The Sixth Amendment guarantees that all criminal defendants "shall enjoy the right to a speedy and public trial" without unnecessary delay. U.S. Const. Amend. VI.

In general terms, the statutory right to a speedy trial is codified in 18 U.S.C. § 3161(c)(1) (providing that trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs"). But where, as here, the government dismisses an indictment, the act's 70-day clock tolls while no indictment is outstanding and it continues upon the filling of the second indictment charging the same offenses. *See* 18 U.S.C. § 3161(h)(s); *see also, e.g.*, *United States v. Hoslett*, 998 F.2d 648,

1

658 (9th Cir. 1993); *United States v. Abdush-Shakur*, 465 F.3d 458, 462 n.4 (10th Cir. 2006). As

*Hoslett* explains:

> When some or all of the counts of an indictment are dismissed upon government
> motion and the government thereafter files a new indictment for the same
> conduct, the seventy day clock is deemed to run from the date it commenced with
> respect to the original indictment until the date of dismissal, subject to any
> statutory exclusions. . . The speedy trial clock resumes running at the time the
> new indictment is filed or when the defendant makes a new appearance in
> connection with the charges contained in the new indictment. . . Put differently,
> the seventy day period commences with the starting date applicable to the original
> indictment and all periods of exclusion with respect to that indictment prior to
> dismissal of the charges remain excluded; also excluded is the period of time
> between the date the original charges are dismissed and the starting date
> applicable to the charges contained in the reindictment.

*Hoslett*, 998 F.2d at 658 (citations omitted). In his motion, defendant asserts that both his

Constitutional and statutory Speedy Trial rights have been violated.

## II.      Background

This motion is pending before the court in case number 16-40091 [hereinafter *Cortes-Gomez II*]. Defendant previously was charged in case number 16-40004 [hereinafter *Cortes-Gomez I*]. But, the government moved to dismiss *Cortes-Gomez I* on October 12, 2016, after the court issued its ruling on an issue raised in a *James* hearing on October 7, 2016. The government dismissed the case after the court empaneled the jury but before the jury was sworn. One day later, on October 13, 2016, the government filed a second criminal complaint against defendant. It alleges the same facts and charges defendant with the same crimes that he was charged with in *Cortes-Gomez I*—conspiracy to possess with the intent to distribute a controlled substance and attempted possession with intent to distribute a controlled substance. Doc. 1. Defendant was indicted in the second case on October 19, 2016. Doc. 7. His motion to dismiss the indictment for violating his Speedy Trial rights is before the court now. Doc. 16.

The court begins with its analysis of defendant's statutory argument first.

### III.    Analysis

### A.  Defendant's Statutory Speedy Trial Right

Title 18 section 3161(c)(1) provides that a defendant's trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  But, many periods of delay are excluded from computing the time within which the trial must occur.  When there are codefendants in the case, one of the excludable delays is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  Defendant was joined with codefendants in the case and the court did not grant a motion to sever.  So, reasonable delays caused by codefendants are excluded from defendant's Speedy Trial period.  But, defendant asserts that his statutory Speedy Trial rights have been violated because the delays caused by joining him with his codefendants is an unreasonable delay.

In the Tenth Circuit, courts use three factors to measure the reasonableness standard for excluding from each codefendant's Speedy Trial Act period the delays attributable to another defendant.  They are:  (1) whether the defendant is free on bond; (2) whether the defendant zealously pursued a speedy trial; and, (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.  *United States v. Thomas*, 749 F.3d 1302, 1309 (10th Cir. 2014); *United States v. Margheim*, 770 F.3d 1312, 1319 (10th Cir. 2014).  Also, the court must consider "all relevant circumstances."  *Thomas*, 749 F.3d at 1309.

The court considered this issue twice in *Cortes-Gomez I*.  Once, in defendant's Motion to Sever (Doc. 69) filed on April 13, 2016; and again in his renewed Motion to Sever (Doc. 100) filed on June 10, 2016.  The court denied both of defendant's motions, and its reasons for denying defendant's motions still apply now.  The court briefly recounts those reasons here.

The first factor—whether the defendant is free on bond—weighs in defendant's favor.  Defendant has been in pretrial detention throughout *Cortes-Gomez I*, and has remained in custody during *Cortes-Gomez II*.  And, the second factor—whether the defendant has zealously pursued a Speedy Trial—also favors defendant.  Defendant repeatedly asserted his Speedy Trial rights in *Cortes-Gomez I*, most notably in his motions to sever.  Docs. 69, 100.

But the third factor weighs against defendant.  The court previously held that this factor weighed against defendant because the government planned to present evidence against all the joined defendants.  Over the course of *Cortes-Gomez I*, this included five defendants.  And, the court determined that the circumstances of the case warranted accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.  So, the court found that excluding codefendant's delays from defendant's Speedy Trial period was reasonable.  Docs. 77, 122.  Since the court's order on defendant's renewed motion to sever (Doc. 122), all of defendant's codefendants have pleaded guilty.  Robert Victor Worthington was the last codefendant to plead, and he pleaded on October 3, 2016—seven days before trial of *Cortes-Gomez I* began on October 11, 2016.  So, defendant is the only defendant in *Cortes-Gomez II*.  But, the benefit of hindsight does not nullify the court's reasoning for denying defendant's prior motions to sever.  It had no way to know which defendants might plead guilty, or even if any would plead.  The court found then, and finds now, that it was reasonable to apply codefendants' exclusions to defendant's Speedy Trial calculation.

4

The final codefendant in *Cortes-Gomez I*, Mr. Worthington, was arraigned on May 19, 2016, so Mr. Worthington's Speedy Trial Calculation began on May 19, 2016.  Doc. 91.  And, that is the date that the court uses to calculate Mr. Cortes-Gomez's Speedy Trial window.  In the order denying defendant's renewed motion to sever (Doc. 122) in *Cortes-Gomez I*, the court calculated that defendant's codefendant's Speedy Trial rights would not expire until December 20, 2016.  This calculation resulted, in part, to excludable delays for both defendant and Mr. Worthington.  So, the trial date of October 11, 2016 for *Cortes-Gomez I* was within defendant's Speedy Trial period.  This has not changed.  And, since defendant's Motion to Dismiss the Indictment, there are more excludable days from his Speedy Trial period.  Defendant's second trial will begin on November 29, 2016.  This is still within defendant's Speedy Trial deadline. The court thus concludes that defendant's Speedy Trial rights have not been violated.

**B. Defendant's Sixth Amendment Speedy Trial Right**

The Sixth Amendment explicitly provides another speedy trial guarantee.  It guarantees that all criminal defendants "shall enjoy the right to a speedy and public trial" without unnecessary delay.  U.S. Const. Amend. VI.

The Supreme Court in *Barker v. Wingo* laid out a four-part balancing test for determining whether a criminal defendant's Sixth Amendment right to a speedy trial has been violated.  407 U.S. 514, 530 (1972).  These factors are:  (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and, (4) prejudice to the defendant.  *Id.*  No one of the four factors alone is necessary or sufficient to find a deprivation of the Sixth Amendment Speedy Trial right.  *Id.* at 533.  Rather, all four factors are related and the court considers those factors together with other relevant circumstances.  *Id.*  Weighing these four factors and all relevant

circumstances, the court finds that defendant's Sixth Amendment Speedy Trial right has not been violated.

The first factor, the length of the delay, serves as a triggering mechanism. Until there is "some delay which is presumptively prejudicial, there is no necessity for inquiry" into the other factors. *Barker*, 407 U.S. at 530. In *United States v. Margheim*, the Tenth Circuit noted that delays approaching one year generally satisfy the requirement for presumptive prejudice. *United States v. Margheim*, 770 F.3d 1312, 1326 (10th Cir. 2014). Defendant was indicted on January 13, 2016. He has been in custody for the duration of both cases against him. This is a little more than 11 months. The government contends that the "approaching one year" rule is not a bright-line rule and thus does not obviate the need for the court to make specific findings about other aspects of the case. And, the government contends that it has spent the past 11 months prosecuting a case where the scope of the prosecution and investigation often was evolving. So, the government contends, given the nature of the case, defendant has not shown presumptive prejudice sufficient to trigger an inquiry into the other Sixth Amendment Speedy Trial factors. The court cannot discern whether a ten and one-half month interval between first appearance in *Cortes-Gomez I* and commencement of trial in *Cortes-Gomez II* is delay approaching one year— and thus sufficient to trigger presumptive prejudice. But, the court declines to decide that question because it concludes the other *Barker* factors disfavor a ruling of a Sixth Amendment violation. The court now turns to *Barker's* other factors.

The second *Barker* factor, the reason for the delay, is neutral. The Tenth Circuit has made it clear that delays caused by the government to secure a strategic advantage weigh heavily against the government. *United States v. Black*, 830 F.3d 1099, 1120 (10th Cir. 2016). And, the government indeed gained a strategic advantage with additional time to reorient the presentation

of its evidence when it dismissed *Cortes-Gomez I* and refiled the charges in *Cortes-Gomez II*. But, the government has provided acceptable reasons for delay. The government asserts in its brief that it did not dismiss and refile the case in bad faith. Rather, it sought to ensure a "deliberate prosecution." The government worried that there was potential for prejudice if witnesses were not properly informed about the effect of the court's decision following the *James* hearing on October 7, 2016. Doc. 18 at 28–29. Further, the Tenth Circuit has recognized that delays "due to the complicated nature" of prosecuting multiple codefendants qualifies as an acceptable reason for delay. *Margheim*, 770 F.3d at 1327. The *James* issues that presented the concerns leading the government to dismiss *Cortes-Gomez I* is such an issue. And, throughout much of the litigation, defense motions filed by either defendant or one of his codefendants have been pending in the case. The dismiss/refile delay qualifies as an acceptable delay due to the complicated nature of prosecuting multiple defendants. The court thus finds that this factor is neutral.

The third factor, whether defendant has asserted his Speedy Trial rights, weighs in favor of defendant. The government concedes that defendant has asserted his Speedy Trial rights throughout this litigation. Doc. 18 at 29.

The fourth factor, the prejudice to the defendant, weighs against defendant. The Supreme Court recognizes three forms of prejudice from post-indictment delay that the Speedy Trial right is designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Of these three forms of prejudice, the most serious is the last, because a defendant who is unable to prepare his case adequately skews the fairness of the entire system. *Id.*

Defendant asserts in his brief that he has been unable to prepare his case adequately because he has not been able to help his counsel gather information or evidence to aid in his defense. But, the court does not find that defendant has been uniquely prejudiced because of his detention. Indeed, any defendant who is detained pending trial would be hindered in the same fashion as defendant.

Defendant also asserts in his brief that he has been prejudiced because the government dismissed and refiled its charges. He contends in his brief that this was punishment for his challenging the admissibility of evidence as part of the *James* hearing on October 7, 2016. But, as discussed above, the government has articulated a valid reason for the delay caused by dismissing and refiling the case.

And, the court does not find that defendant's pre-trial detention has been oppressive. *See United States v. Hicks*, 779 F.3d 1163, 1168 (10th Cir. 2015) ("Generally, [the Court of Appeals] require a delay of at least six years before the defendant is relieved of his burden to present specific evidence of prejudice."). Nor does the court find that defendant has discharged his burden to show particularized prejudice. *See id.* at 1168–69. Defendant asserts in his brief that he has been prejudiced by the disruption of his personal life (such as family, job, recreational, and rehabilitative programs). But, this disruption is true of anyone subject to pre-trial detention and is not produced by the delay. Defendant has not been unduly prejudiced.

Weighing all four factors, the court finds that defendant's Sixth Amendment rights have not been violated. Defendant has been in custody for shy of one year. But, much of the delay has been caused by pending motions filed by his codefendants or defendant himself. And, the government has provided acceptable reasons for the delay. This case involved several defendants, and the government planned to present evidence against each until each codefendant

pleaded guilty.  The court thus finds that defendant's Sixth Amendment rights have not been violated.

### IV.   Conclusion

The court finds that neither defendant's Sixth Amendment nor statutory Speedy Trial rights have been violated.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss Indictment (Doc. 16) is denied.

**IT IS SO ORDERED.**

**Dated this 23rd day of November, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**