IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>MARCO ANTONIO CORTES-GOMEZ (01),<br><br>      Defendant. | Case No. 16-40091-01-DDC |

**MEMORANDUM AND ORDER**

Mr. Cortes-Gomez has filed a pro se Motion for Acquittal (Doc. 83). The government has responded to this motion with one of its own: a Motion to Strike Mr. Cortes-Gomez's Current and Future Pro Se Pleadings (Doc. 86). The government asks the court to strike Mr. Cortes-Gomez's pro se pleadings because he is attempting to use "hybrid" representation.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel. Similarly, the Sixth Amendment guarantees a defendant the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975). For a variety of reasons, "hybrid" representation, that is, where a defendant represents himself and has an attorney, presents a number of irreconcilable difficulties. *See McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984). While a trial court may permit such representation in certain circumstances, there is no right to "hybrid" representation. *United States v. McKenzie*, 779 F. Supp. 2d 1257, 1267 (D.N.M 2011) (citing *United States v. McKinley*, 58 F.3d 1475, 1480–81 (10th Cir. 1995)).

Mr. Cortes-Gomez currently is represented by counsel. Mr. Cortes-Gomez has provided the court no reasons capable of supporting circumstances where the court could find that "hybrid" representation is warranted. The court repeatedly has informed Mr. Cortes-Gomez that

he has no right to "hybrid" representation, most recently, during a hearing on November 14, 2017. The court thus denies Mr. Cortes-Gomez's Motion for Acquittal (Doc. 83).

In light of this ruling, the court finds no reason to strike Mr. Cortes-Gomez's Motion for Acquittal as the government asks. The court thus denies this portion of the government's motion. The government also asks the court to strike any future pleadings. Doc. 86 at 3. The court is not inclined to direct the Clerk of the Court to strike any future pro se pleadings at this time, as the government asks. But, the court cautions Mr. Cortes-Gomez: if he files any pro se motion while represented by counsel—other than a motion for new counsel—the court will deny it summarily. The court thus denies the government's Motion to Strike (Doc. 86).

For these reasons, the court denies the motions presented in Docs. 83 and 86.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Mr. Cortes-Gomez's pro se Motion for Acquittal (Doc. 83) is denied.

**IT IS FURTHER ORDERED THAT** the government's Motion to Strike Mr. Cortes-Gomez's Current and Future Pro Se Pleadings (Doc. 86) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2017, at Topeka, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**