IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MARCO ANTONIO CORTES-GOMEZ (01),<br><br>        Defendant. | Case No. 16-40091-01-DDC |

## MEMORANDUM AND ORDER

Defendant Marco Cortes-Gomez has filed a motion invoking 18 U.S.C. § 3582(c). Doc. 128. He asserts that he qualifies for a reduced sentence "based on the change of law." *Id.* at 1. His filing asserts just one recognizable basis for relief: "status points." *Id.* The court takes this reference to refer to changes to the United States Sentencing Guidelines by Part A of Amendment 821. The Sentencing Commission codified this "status points" revision in Guideline § 4A1.1.

As the Sentencing Commission explained,

> Part A amended §4A1.1 (Criminal History Category) to limit the overall criminal history impact of "status points" (*i.e.*, the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, super-vised release, imprisonment, work release, or escape status).

U.S. Sent'g Guidelines Manual, § 1B1.10 cmt 7 (U.S. Sent'g Comm'n 2024) (page 43 of Guidelines Manual, effective Nov. 1, 2024). This amendment can't possibly help Mr. Cortes-Gomez. His Presentence Investigation Report never awarded him any status points. *See* Doc. 95 at 16 (reciting defendant's criminal history and awarding him zero criminal history points). In short, Mr. Cortes-Gomez received neither status points nor any other form of criminal history points. Simply, there's just nothing to reduce.

Perhaps Mr. Cortes-Gomez meant to invoke the other prong of Amendment 821, *i.e.*, Part B. It can't help him either. In broad terms, this part of the amendment reduces by two levels the total offense level of zero-point offenders. Guideline § 4C1.1(a)(11). But this reduction doesn't apply to every offender who has zero criminal history points. Instead, offenders who have any one of the 10 characteristics specified in §4C1.1(a)(2) – (a)(11) are disqualified from a reduction. As pertinent here, it disqualifies offenders who received an adjustment under § 3B1.1 (Aggravating Role). § 4C1.1(a)(10). Mr. Cortes-Gomez is just such an offender. *See* Doc. 95 at 15 (PSR ¶ 75) (citing § 3B1.1(a) and awarding defendant a four-level increase because he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]").

Summarizing, Mr. Cortes-Gomez can't qualify for relief under either of Amendment 821's two prongs. This means the court lacks authority to modify his sentence under § 3582(c), depriving it of jurisdiction over his request. *See, e.g.*, *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("Mr. White was ineligible to receive a sentence reduction under § 3582(c)(2) . . . . [D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of Mr. White's § 3582(c)(2) motion."). The court thus dismisses this aspect of his motion (Doc. 128).

Finally, Mr. Cortes-Gomez asks the court to appoint counsel to assist him with his motion. Doc. 128 at 1. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). And while the court has discretion to appoint counsel in appropriate circumstances, there's no reason to do so here. Mr. Cortes-Gomez has demonstrated that he's capable of making his points. The problem is that they simply lack any merit. The court thus denies this part of his motion (Doc. 128).

**THEREFORE, IT IS HEREBY ORDERED** that defendant's "Motion under 18 U.S.C. Section 3582(c)" (Doc. 128) is dismissed in part and denied in part.  The portion of this motion seeking a reduced sentence is dismissed.  The portion seeking appointed counsel is denied.

**IT IS SO ORDERED.**

**Dated this 7th day of February, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree<br>
Daniel D. Crabtree<br>
United States District Judge